IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LARRY ROGER SHEPHERD,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE NO: 12-290-WS-N** |
| **CORIZON HEALTH, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY FROM
ALABAMA DEPARTMENT OF CORRECTIONS, AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiff Larry R. Shepherd hereby moves

this Court, pursuant to Fed. R. Civ. P. 26, 34, and 37, for an order compelling

responses to Plaintiff's Second Request for Production of Documents to Defendant

Alabama Department of Corrections and inspection of the requested documents.

This motion is made on the grounds that Defendant Alabama Department of

Corrections failed to respond to the request for production of documents and has

permitted inspection of only a small portion of the requested documents.

The Motion is based on this Notice of Motion and Memorandum of Points and Authorities in Support, the Declarations of Maria V. Morris and Jadine Johnson in Support of Plaintiff's Motion to Compel Discovery, all filed herewith, all pleadings and papers filed in this action, and any other matter that the Court may consider on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26, 34 and 37, Plaintiff Larry Shepherd, by and through counsel, respectfully moves the Court to compel Defendant Alabama Department of Corrections ("ADOC") to provide responses to Plaintiff's Second Request for Production of Documents ("Requests") and to produce all responsive documents.

Defendant ADOC failed to respond to Plaintiff's Requests.  Plaintiff Shepherd has, nonetheless, attempted to work with ADOC to resolve the failure to fulfill its discovery obligations.  ADOC has, however, refused to produce most of the requested documents, all the while persisting in not responding to the Requests.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff served his Second Request for Production of Documents to Defendants ADOC and Bobby Barrett on December 3, 2012.  (Declaration of Maria V. Morris in Support of Plaintiff's Motion to Compel ("Morris Decl.") ¶ 2;

Doc. 49.)[1]  Plaintiff served the Requests by first class mail, resulting in a due date for the responses of January 7, 2013.  (Morris Decl. ¶¶ 2-3.)

ADOC did not respond to the Requests or seek an extension.  (Morris Decl. ¶ 3.)  When asked on January 14, 2013, ADOC stated that it would respond, that it did not have many of the documents, and that some responsive documents would be located at Kilby or Holman where Plaintiff's counsel could review them.  (*Id.* ¶¶ 4-5, Exhibits A and B.)

On February 12, 2013, Plaintiff's counsel reviewed shift logs at Holman with ADOC counsel present.  (Morris Decl. ¶¶ 7, 9.)  ADOC counsel indicated both before and during the document review that the only documents that had been gathered and made available were shift logs.  (*Id.* ¶¶ 7, 9, Ex. A at 1.)  During the document review, the Holman Warden indicated that there was a file containing all incident reports for the institution and another file containing all movement orders for the institution, and that all ADOC institutions should have such files.  (*Id.* ¶ 10, Exhibit C.)  ADOC counsel requested that the Warden prepare those files, and any communications about Plaintiff Shepherd, for review on Plaintiff's counsel's subsequent visit.  (*Id.*)

While at Holman, in the interest of efficiency, Plaintiff's counsel and ADOC counsel discussed the possibility of stipulating to a fact that would limit the

---

[1] Plaintiff is not hereby seeking documents or responses from Bobby Barrett, who has been dismissed as a defendant.

need for the production of all the shift logs.  (Morris Decl. ¶ 9, Ex. C.)  They

agreed that Plaintiff's counsel would copy a small sample of the shift logs, then,

following review of the documents, ADOC counsel and Plaintiff's counsel would

determine whether they could make the stipulation, and if so, Plaintiff's counsel

would determine whether any further shift logs were necessary.  (*Id.*)

During the course of the document review, Plaintiff's counsel informed

ADOC counsel that all objections had been waived due to the failure to respond to

the Requests.  (Morris Decl. ¶ 9.)

On February 13, 2013, Plaintiff's counsel reviewed and copied shift logs

for the institution and for the infirmary, Kilby incident reports relating to inmates

who were transported to emergency rooms, and a number of policies.   (Morris

Decl. ¶ 11.)

Plaintiff's counsel contacted ADOC to schedule a review of the remaining

documents at Holman and reports from Corizon at ADOC headquarters.   (Morris

Decl. ¶¶ 11-13, Ex. C.)  Plaintiff's counsel also informed ADOC counsel that

certain responsive documents that would likely be located at Kilby had not been

produced during the initial document review.  (*Id.*)   ADOC counsel stated that no

further documents from Kilby or Holman would be produced.  (*Id.*)   ADOC

counsel also stated first that only the portions of Corizon's monthly reports relating

to Kilby and Holman would be produced, then that the reports would be produced

in their entirety except for the "hospital report and the ER report" . (*Id.*) Plaintiff's counsel repeatedly stated its position that the entire reports should be produced, as all objections had been waived. (*Id.*)

On March 5, 2013, ADOC made available and Plaintiff's counsel reviewed Plaintiff's institutional file, a small number of additional documents referring to Plaintiff, and reports from Corizon to ADOC that were responsive to Request No. 14. ( Declaration of Jadine Johnson in Support of Plaintiff's Motion to Compel Discovery ("Johnson Decl.") ¶¶ 2-3.) Counsel for ADOC withheld the hospital and ER sections of the Corizon reports, as well as pages that were included in the "Client Expectations" section of some of the monthly reports, subsequently agreeing to produce the sections with redactions. (*Id.* ¶ 6; Morris Decl. ¶ 14.) ADOC counsel also indicated that ADOC would redact some information from Plaintiff Shepherd's institutional file. (Johnson Decl. ¶ 5.)

While at ADOC headquarters, Plaintiff's counsel attempted to obtain responses to the Requests. (Johnson Decl. ¶¶ 8-11, Exhibit A.) Counsel for ADOC stated that no further documents located at Kilby or Holman would be produced. (*Id.* ¶ 10, Ex. A.) Counsel for ADOC stated that certain documents would be withheld on privilege grounds, despite the failure to timely object. (*Id.* ¶¶ 4, 5, 6, Ex. A.) Counsel for ADOC stated: (1) all documents responsive to Request Nos. 1, 8, 9, 12, 13, and 14 (except those documents and portions of

documents over which ADOC is belatedly claiming privilege) have been produced;
(2) there are no documents responsive to Request Nos. 2 through 7; (3) producing
documents responsive to Request Nos. 10 and 11, other than "movement reports"
would be too burdensome and would require releases from inmates; and (4)
documents responsive to Request Nos. 15 through 17 would be produced except
for those documents located at Kilby and Holman, based on ADOC counsel's
erroneous assertion that the responsive documents had already been made available
at those two institutions.  (*Id.* ¶¶ 7-9, Ex. A.)   Plaintiff's counsel informed ADOC
counsel again that all objections had been waived by the failure to object in a
timely manner.  (*Id.* ¶ 4.)   Plaintiff sent counsel for ADOC a letter memorializing
the discussion, and setting forth Plaintiff's position where there was a dispute.  (*Id.*
¶ 11, Ex. A.)   Rather than responding, ADOC filed objections to Request Nos. 9,
10, 11, 15, 16, and 17 with the Court on March 13, 2013.  (Doc. 69.)

## REQUESTS AND RESPONSES

The Requests that are the subject of this motion, ADOC's responses thereto,
and Plaintiff's position are set forth below.  Because there has been no response to
the Requests, the responses are the responses given orally to Plaintiff's counsel and
those included in the objections filed with the Court on March 13, 2013.  The only
definition from the Requests that is relevant to this motion is: "The term
'INMATE' means an individual in the custody of Alabama Department of

6

Corrections."

**REQUEST NO. 1:**      All COMMUNICATIONS AND DOCUMENTS RELATING TO PLAINTIFF created during OR RELATING TO the RELEVANT TIME PERIOD.

**Response**:   ADOC states that the documents in response to this Request are Shepherd's institutional file, medical file, infirmary logs, and emails, and that all have been produced *except* emails where Anne Hill is a sender or recipient. ADOC is asserting privilege over those emails.

**Plaintiff's position**:  All objections have been waived by the failure to object in a timely manner.  Further, Defendant has not produced a privilege log as required by the terms of the Request and case law.

The shift logs discussed that are responsive to Request No. 12 are also responsive to Request No. 1.  Defendant ADOC made available approximately 12-14 boxes of shift logs at Holman.  Of the documents reviewed, each mentioned that Plaintiff Shepherd left the infirmary in the morning and returned some time later. Plaintiff copied a small number of these documents.  In the interest of saving time and money for ADOC and Plaintiff, Plaintiff proposed that ADOC and Plaintiff stipulate to the fact that Shepherd continued leaving the infirmary each day until he left Holman.  This is a relatively non-controversial fact that could otherwise be proved through the copying of the remainder of the 12 to 14 boxes documents.

ADOC counsel stated that he would consider this request.  The parties agreed that Plaintiff would review the small number of documents copied while ADOC counsel considered the possible stipulation, and that if ADOC was not willing to stipulate or if Plaintiff determined he needed additional documents from the 12-14 boxes, Plaintiff would have another opportunity to review and copy documents. Plaintiff seeks another opportunity to review and copy documents only if ADOC will not agree to the stipulation.  Despite repeated requests, ADOC has not indicated whether it is willing to do so.

Lastly, the institutional file as produced contains almost no documentation from Holman, where Shepherd resided from 2004 through 2012, and nothing at all from Kilby, where he resided from April through November 2012.  Plaintiff seeks confirmation that no additional documents exist.

**REQUEST NO. 9**:        All DOCUMENTS AND COMMUNICATIONS RELATING TO smoking in the Kilby Correctional Facility hospital unit.

**Response**: ADOC stated to counsel that it made documents and communications at Kilby available when Plaintiff's counsel visited Kilby on February 13, 2012.

In its objections filed with the Court, ADOC states "If an inmate received a disciplinary or behavioral citation for smoking in the Kilby hospital unit those documents would be in that inmate's institutional file. ADOC does not keep

disciplinary or behavioral citation documents separately. Any documents relating to smoking are going to be contained in that particular inmate's institutional file. Without having that particular inmate's name it is impossible to produce that file for review by Plaintiff's counsel and could be at any facility."

**Plaintiff's position**:  No documents or communications relating to smoking at Kilby were made available, other than a policy regarding smoking.  Plaintiff does not request that ADOC review all inmate files.  Rather, Plaintiff requests that ADOC review its emails and any appropriate institutional files for documents and communications relating to smoking at Kilby.

**REQUEST NO. 10**:      All DOCUMENTS AND COMMUNICATIONS RELATING TO ANY INMATE RELATING TO a delay in referral to, TREATMENT by, OR follow-up appointments with OUTSIDE DOCTORS.

**Response**: ADOC stated to Plaintiff's counsel that movement reports and inmate medical files are responsive to this Request, and that movement reports would be made available at every facility except Holman and Kilby.  ADOC stated that already made movement reports available at Holman and Kilby.  ADOC stated that inmate medical files are in ADOC custody, but ADOC will not produce these files without medical releases from each inmate.   ADOC stated it may have email communications and incident reports that are responsive to this Request, but will not produce these documents without more information, including the inmate

names.

In its objections filed with the Court, ADOC states: "ADOC does not keep a list of inmates receiving a particular medical treatment. Any documents relating to a delay in a referral, to treatment by, or follow-up appointments of medical treatment would be contained in that particular inmate's medical file. Without having that particular inmate's name, it is impossible to produce that file for review by Plaintiff's counsel. Further ADOC must have a signed release to allow a review an inmate's medical file.

**Plaintiff's position**:  Plaintiff does not request that ADOC review all inmate files.  ADOC informed Plaintiff that there may be responsive emails and incident reports.  Plaintiff requests that ADOC review its emails and any appropriate institutional files for documents and communications relating to a delay in treatment or follow-up by outside medical doctors.  Incident reports are public documents that are released without requirement of releases.  Emails may or may not contain HIPAA-protected information.  To the extent they do contain such information, Plaintiff does not object to redaction of the protected information.

**REQUEST NO. 11**:     All DOCUMENTS AND COMMUNICATIONS RELATING TO ANY INMATE RELATING TO a denial of TREATMENT of a medical need in an INMATE's eye, including but not limited to TREATMENT of cataracts.

**Response**: ADOC stated to Plaintiff's counsel that this information may be in individual inmate medical files, but ADOC will not produce these without medical releases from each inmate. ADOC does not provide treatment and therefore does not have any communications relating to a "denial of treatment."

In its objections filed with the Court, ADOC states: "ADOC does not keep a list of inmates receiving a particular medical treatment. Any documents relating to a denial of requested medical treatment would be contained in that particular inmate's medical file. Without having that particular inmate's name it is impossible to produce that file for review by Plaintiff's counsel. Further ADOC must have a signed release to allow a review an inmate's medical file."

**Plaintiff's position**:  Plaintiff does not request that ADOC review all inmate files.  As with Request No. 10, there may be emails or incident reports that are responsive.  Plaintiff requests that ADOC review its emails and any appropriate institutional files for documents and communications relating to a denial of treatment of inmates' eyes.  Incident reports are public documents that are released without requirement of releases.  Emails may or may not contain HIPAA-protected information.  To the extent they do contain such information, Plaintiff does not object to redaction of the protected information.

**REQUEST NO. 12**:      DOCUMENTS sufficient to identify all persons working in the infirmary at Holman Correctional Facility at ANY time between

April 1, 2011 AND May 21, 2012, whether INMATES OR employees of Alabama

Department of Corrections OR Corizon, Inc.

**Response**: ADOC stated to Plaintiff's counsel that ADOC has produced all

documents responsive to this Request

**Plaintiff's Position**:       ADOC made these documents available.  As

discussed above, in the interest of reducing cost and time, the parties agreed that

Plaintiff would review the small number of 12 to 14 documents copied while

ADOC counsel considered a possible stipulation, and that if ADOC was not

willing to stipulate or if Plaintiff determined he needed additional documents from

the 12-14 boxes, Plaintiff would have another opportunity to review and copy

documents.   Plaintiff seeks another opportunity to review and copy documents

only if ADOC will not agree to the stipulation.  Despite repeated requests, ADOC

has not indicated whether it is willing to do so.

**REQUEST NO. 14**:       All regular reports provided by Corizon, Inc. to

DEFENDANTS pursuant to the contract between Corizon, Inc. and Alabama

Department of Corrections detailing the number of medical services provided.

**Response**: ADOC produced responsive documents including monthly

reports.  ADOC removed several sections from these reports, including the

Emergency Reports, Hospital Reports, and for some of the monthly reports, some

or all of the section entitled "Client Expectations."  Following the document

review at ADOC, ADOC counsel stated they would produce the missing sections with redactions.

**Plaintiff's Position**:      Any assertion of privilege is untimely and has been waived.  Further, Defendant has not produced a privilege log as required by the terms of the Request and case law.  From review of those reports where the Client Expectations section was produced, it does not appear that there is any basis for the withholding of the Client Expectations section.  ADOC's decision to withhold this section from some of its reports calls into question the validity of the withholding of the other sections.

**REQUEST NO. 15**:      All incident reports created during OR RELATING TO the RELEVANT TIME PERIOD RELATING TO INMATES transported to be seen by OR receive TREATMENT from OUTSIDE DOCTORS.

**Response**: ADOC stated to Plaintiff's counsel that ADOC will make these available at every facility except Holman and Kilby because ADOC had already made these documents available once at those facilities.  ADOC counsel told Plaintiff's counsel to select a date and coordinate with ADOC to visit the other facilities.

In its objections filed with the Court, ADOC states: "Counsel for the Plaintiff has had an opportunity to review the above documents relating to Kilby and Holman. They have now requested to go to EVERY ADOC facility and review

those documents there, even though the Plaintiff was never assigned those facilities. Such a request is overly burdensome, totally not relevant to the issues in this case, harassment and are extremely costly to ADOC Defendant, both as to time and money. Not only to counsel for the ADOC Defendant but also to the facilities who must collect those documents."

**Plaintiff's Position**: All objections have been waived by the failure to object in a timely manner.  Further, all the requested documents are relevant to Plaintiff's claims that the denial of treatment was due to a policy and practice.  Nor is the Request overly broad; it seeks documents that would be evidence of Corizon's policy and practice of delaying or denying treatment by outside doctors, and is limited to the time period during which Plaintiff was harmed by this policy and practice.  The Request is not unduly burdensome, as each facility has a file of incident reports.  Plaintiff does not seek to review the records in the facilities; Defendant previously indicated that the review had to be done in the individual facilities where records are kept.  Lastly, no incident reports were made available at Holman, and at Kilby the only incident reports made available were those relating to transport to the emergency room.

**REQUEST NO. 16**:      All DOCUMENTS created during OR RELATING to the RELEVANT TIME PERIOD RELATING TO the transportation of INMATES to be seen by OR receive TREATMENT from

OUTSIDE DOCTORS.

**Response**: ADOC stated to Plaintiff's counsel that each facility should have a file of movement reports, which list when an inmate is transported to be seen by an outside doctor.  ADOC stated it will make these reports available at every facility except Holman and Kilby, because ADOC had already made these reports available once at those facilities. ADOC counsel told Plaintiff's counsel to select a date and coordinate with ADOC to visit the other facilities.

In its objections filed with the Court, ADOC states: "Counsel for the Plaintiff has had an opportunity to review the above documents relating to Kilby and Holman. They have now requested to go to EVERY ADOC facility and review those documents there, even though the Plaintiff was never assigned those facilities. Such a request is overly burdensome, totally not relevant to the issues in this case, harassment and are extremely costly to ADOC Defendant, both as to time and money. Said cost is not only to counsel for the ADOC Defendant but also to the facilities who must collect those documents."

**Plaintiff's Position**: All objections have been waived by the failure to object in a timely manner.  Further, all the requested documents are relevant to Plaintiff's claims that the denial of treatment was due to a policy and practice.  Nor is the Request overly broad; it seeks documents that would be evidence of Corizon's policy and practice of delaying or denying treatment by outside doctors, and is

limited to the time period during which Plaintiff was harmed by this policy and practice.  The Request is not unduly burdensome, as each facility has a file of movement orders.  Plaintiff does not seek to review the records in the facilities; Defendant previously indicated that the review had to be done in the individual facilities where records are kept. Lastly, no movement orders were made available at Holman or Kilby.

**REQUEST NO. 17**:     All incident reports created during OR RELATING TO the RELEVANT TIME PERIOD RELATING TO emergency TREATMENT for ANY INMATE.

**Response**: ADOC stated to Plaintiff's counsel that ADOC will make these available at every facility except Holman and Kilby because ADOC had already made these documents available once at those facilities.  ADOC counsel told Plaintiff's counsel to select a date and coordinate with ADOC to visit the other facilities.

In its objections filed with the Court, ADOC states: "Counsel for the Plaintiff has had an opportunity to review the above documents relating to Kilby and Holman. They have now requested to go to EVERY ADOC facility and review those documents there, even though the Plaintiff was never assigned those facilities. Such a request is overly burdensome, totally not relevant to the issues in this case, harassment and are extremely costly to ADOC Defendant, both as to time

and money. Said cost is not only to counsel for the ADOC Defendant but also to the facilities who must collect those documents."

**Plaintiff's Position**: All objections have been waived by the failure to object in a timely manner.  Further, all the requested documents are relevant to Plaintiff's claims that the denial of treatment was due to a policy and practice.  Nor is the Request overly broad; it seeks documents that would be evidence of Corizon's policy and practice of delaying or denying treatment by outside doctors, and is limited to the time period during which Plaintiff was harmed by this policy and practice.  The Request is not unduly burdensome, as each facility has a file of incident reports.  Plaintiff does not seek to review the records in the facilities; Defendant previously indicated that the review had to be done in the individual facilities where records are kept.  Lastly, no incident reports were made available at Holman.  The responsive incident reports from Kilby were produced.

## LEGAL STANDARDS

Discovery under the Federal Rules of Civil Procedure is broad: "parties may obtain discovery regarding any matter, not privileged, which is relevant to the claims or defense of any party involved in the pending action." *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (citing Fed. R. Civ. P. 26; *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947)).  Documents need not be admissible to be discoverable; they need only be "reasonably calculated to

lead to the discovery of admissible evidence." *Donahay*, 242 F.R.D. at 687 (citing *Dunbar v. United States*, 502 F.2d 506 (5th Cir.1974)).

If a party fails to answer a request for production, the party seeking the discovery may move for an order compelling a response under Fed.R.Civ.P. 37(a)(2). *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685 (S.D. Fla. 2012). Motions to compel are committed to the sound discretion of the court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir.1984).

When a party fails to respond to discovery requests in a timely manner, all objections are waived. *Wynmoor Cmty. Council*, 280 F.R.D. at 685. If the party that fails to respond demonstrates good cause for its failure, a court can excuse the untimely response. *Id.*

## ARGUMENT

## I.    Defendant ADOC Did Not Respond to Plaintiff's Requests for Production of Documents, and Has Thereby Waived All Objections

Defendant ADOC failed to respond to Plaintiff's Second Request for Production of Documents. Defendant ADOC has now provided its reasons for why it did not respond, but its explanation does not demonstrate good cause for its failure. All objections have been waived.

### A.    ADOC failed to respond to the Requests

Plaintiff served his Second Request for Production of Documents by first class mail on December 3, 2012, and filed his notice of service of discovery.

(Morris Decl. ¶ 2; Docs. 49, 69.)  Pursuant to Federal Rule of Civil Procedure 34(b)(2)(A) and the rules regarding calculating time, ADOC's responses were due to be served no later than Monday, January 7, 2012.

ADOC did not respond by January 7, 2013, nor did it request an extension. (Morris Decl. ¶ 3.)   Plaintiff's counsel asked repeatedly for responses to the Requests between January 14 and March 7, 2013 to no avail.  (Morris Decl. ¶¶ 4, 7, 8, Ex. A, B; Johnson Decl. ¶¶ 7, 11, Ex. A.)  ADOC stated in an email that certain documents would be made available for Plaintiff's counsel to review, but was not clear about precisely what would be made available.  (Morris Decl.¶ 5, Ex. A, B.)

When informed on February 12, 2013 that all objections had been waived by failure to respond, ADOC neither responded nor attempted to explain its failure to do so.  (Morris Decl. ¶ 9.)

Following numerous attempts by Plaintiff to meet and confer regarding the Requests, and specifically to secure a response as to whether ADOC would produce documents responsive to each of the Requests, ADOC filed objections to six of the Requests with the Court.  (Doc. 69.)  ADOC still has not served an actual response to the Requests, as required by Federal Rule of Civil Procedure 34(b)(2). (Morris Decl. ¶ 15.)

### B.    ADOC admits it failed to object, and fails to justify its tardiness

Defendant ADOC filed objections with the Court on March 13, 2013, more

than 2 months after its responses, including objections, were due.  (Doc. 69.)

ADOC admits that it did not previously object.  (*Id.*)  In general, such a failure to

object is deemed a waiver.  *Wynmoor Cmty. Council*, 280 F.R.D. at 685; *Bailey v.

City of Daytona Beach Shores*, 286 F.R.D. 625, 627 (M.D. Fla. 2012) (finding a

waiver after a two-month failure to respond and gathering cases where objections

were deemed waived), *reconsideration granted in part* 6:12-CV-71-ORL-18TBS,

2012 WL 6015603 (M.D. Fla. Dec. 3, 2012) (allowing redaction of protected, non-

relevant information to be redacted).

ADOC asserts that it is now objecting because it did not previously

understand the breadth or burdensomeness of the Requests.  (Doc. 69.)  ADOC's

failure to understand the Requests does not justify its failure to respond in a timely

manner.

ADOC appears to object to the breadth of just three Requests, Request Nos.

15-17.  (Doc. 69 at 4-5.)  ADOC did not understand that these Requests sought

information from facilities other than Kilby and Holman, the two facilities where

Plaintiff Shepherd was housed during the period he was denied care for his

cataracts.  (*Id.*)  However, the Requests do not state that they were limited to Kilby

and Holman, nor do they state they were limited to information regarding

Shepherd.  To the contrary, the Requests seek transport documents and incident

reports relating to any inmate's treatment by outside doctors or emergency

treatment.  Inmate is defined in the Requests to include inmates at other facilities:

"The term 'INMATE' means an individual in the custody of Alabama Department

of Corrections."

Other than the breadth of Request Nos.15-17, Defendant ADOC does not

further explain how the Requests are "far beyond ADOC Defendant's

understanding" of them.  (*See* Doc. 69.)

Had ADOC responded, the parties could have engaged in a process of

meeting and conferring.  Such a process would have ensured ADOC's

comprehension of the Requests, and might have narrowed the issues to be brought

to the Court for resolution.   Plaintiff repeatedly requested that the parties meet and

confer, and attempted to do so.  (Morris Decl. ¶¶ 4, 7, 8, Ex. A, B, C; Johnson

Decl. ¶¶ 7, 11, Ex. A.)   ADOC refused to engage in a meaningful meet and confer

process.  (Morris Decl. ¶ 8, Ex. B.)   ADOC's failure to understand what Plaintiff

sought because it would not respond to the Requests or engage in the meet and

confer process is not good cause for failing to object in a timely manner.

Additionally, ADOC repeatedly provided responses orally, agreeing to

produce responsive documents, only to subsequently tell Plaintiff that documents

would not be produced.  ADOC orally agreed to produce incident reports and

movement orders at Holman, but then reneged on this agreement.  (Morris Decl. ¶¶

10, 13, Ex. C; Johnson Decl. ¶ 9, Ex. A.)  ADOC orally agreed to produce incident

reports and movement orders at all facilities other than Kilby and Holman, but then

reneged on this agreement.  (*Id*.)   ADOC orally agreed to allow Plaintiff to come

back to Holman to review and copy responsive documents if the parties could not

come to an agreement regarding a stipulated fact, but then reneged on this

agreement. (Morris Decl. ¶ 9, 13, Ex. C; Johnson Decl. Ex. A.)  Such conduct

suggests bad faith, and does not support a finding of good cause.  *See Scruggs v.*

*Int'l Paper Co.*, 278 F.R.D. 698, 702 (S.D. Ga. 2012) (finding waiver and

imposing costs where a party repeatedly reneged on its agreement in discovery

dispute).

 ADOC asserts that it has been trying "diligently" to comply with the

Requests.  (Doc. 69 at 1.)   However, there is little evidence of any such attempt.

ADOC counsel did not review documents to ensure their responsiveness prior to

production to Plaintiff.  (Morris Decl. ¶ 11.)  When asked about incident reports at

Holman, ADOC counsel asserted that the only way to locate such documents was

by going through each inmate's individual file; the Warden directly contradicted

this, stating that there is a file of incident reports for the whole prison and that there

should be such a file in every facility.  (Morris Decl. ¶ 10.)  Thus it was clear that

production would not be burdensome, and that counsel for ADOC had not

requested that the documents be gathered and made available.   Similarly, when

Plaintiff's counsel asked the Warden of Holman in the presence of ADOC counsel

about documents relating to transport of inmates to medical appointments, the Warden stated that there is a file of all "movement orders," documents that are filled out whenever an inmate has to be transported out of the facility. (*Id.*) No such file had been made available to Plaintiff's counsel. (*Id.* ¶¶ 7, 9, 10, Ex. A.) Two weeks later, ADOC counsel stated in an email that he did not know what "movement order files" were, and, nearly two months after ADOC responses were due, was "checking to see if ADOC has any such documents," despite the Warden's explanation of the documents to ADOC and Plaintiff's counsel. (*Id.* ¶ 13, Ex. C.) Finally, the time spent reviewing documents with ADOC counsel present was just over two hours at Holman, approximately five hours at Kilby, and approximately three hours at ADOC headquarters. (Morris Decl. ¶¶ 9, 11; Johnson Decl. ¶ 2.) At the time of the document reviews at Holman and Kilby, ADOC counsel did not appear to be familiar with most of the documents requested or made available to Plaintiff. (Morris Decl. ¶¶ 9-11.)

The actions and statements of ADOC counsel do not support a finding that ADOC has been diligently attempting to produce responsive documents, nor do they demonstrate good faith. The failure to respond and to make objections should not be excused. Defendant ADOC's objections should be deemed waived.

## II. The Objections in ADOC's Filing Are Without Merit

To the extent this Court does consider objections raised in ADOC's filing,

the Court should nonetheless find that the objections do not justify withholding documents from discovery.

### A.   ADOC's objections to Request Nos. 9-11 are not well taken as Plaintiff does not seek to review all inmates' files

Plaintiff's Request Nos. 9-11 seek documents and communications about smoking in the Kilby hospital unit, delays in treatment by outside doctors, and denial of eye care.   Defendant objects that it would have to go through inmates' individual medical or institutional files to locate any such documents, and that it would not produce any such documents from medical files without a release from the inmate.  (Doc. 69 at 2-3.)   Defendant made no other objections to these three Requests.

The objections in ADOC's filing could have been resolved easily if ADOC had been willing to engage in the meet and confer process:  Plaintiff is not seeking a review of all inmate institutional and medical files.  Plaintiff is seeking any responsive documents that could be obtained in a reasonable manner.  For example, Defendant acknowledged during the document review at ADOC headquarters that there may be incident reports or emails that are responsive to Request No. 10.  (Johnson Decl. ¶ 8, Ex. A.)  Presumably the same is true for Request Nos. 9 and 11.  Emails are relatively easy to search, and Plaintiff could work with ADOC to establish search terms.  Incident reports are kept in a single file at each institution, and should also be relatively easy to search.  Any

responsive documents located in such searches should be produced.

A release should not be required for incident reports.  The Alabama Supreme Court has determined that prison incident reports are public documents.  *Allen v. Barksdale*, 32 So. 3d 1264, 1266 (Ala. 2009).   ADOC produced incident reports relating to emergency medical treatment for inmates at Kilby without requiring Plaintiff to obtain a release.  (Morris Decl. ¶ 11.)  ADOC has also produced incident reports relating to inmate deaths from disease in response to Open Records Act requests, also without obtaining releases.  (Morris Decl. ¶ 17.)

To the extent emails include HIPAA-protected information, Plaintiff does not object to redaction of identifying information.

## B.   ADOC's objections to Request Nos. 15-17 are also without merit

Plaintiff's Request Nos. 15-17 seek:

- Incident reports relating to the transportation of any inmate to be seen or treated by an outside doctor;

- All documents relating to the transportation of any inmate to be seen or treated by an outside doctor; and

- Incident reports relating to emergency treatment for any inmate.

ADOC now objects to these three Requests on the grounds of relevance, breadth, burden, cost, and harassment.

### 1.   The Requests seek relevant documents and are not overly broad

Plaintiff has alleged that he was denied necessary medical care pursuant to Corizon's policy and practice of delaying or denying treatment by outside doctors and its policy and practice of treating only one eye.   (Doc. 25 ¶¶ 67-92.)

For discovery, relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978).  Discovery is not limited to the issues raised by the pleadings because "discovery itself is designed to help define and clarify the issues." *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 685 (S.D. Fla. 2010) (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 352).  "[I]nformation can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence." *Id*. (citing *Dunbar*, 502 F.2d 506.

The documents sought through these Requests will provide evidence relating to when people go to outside doctors and when they go for emergency treatment. These documents will provide names of potential witnesses who can provide evidence relating to delays in treatment.  They will provide information about how many people actually go to outside doctors and how many times they go, and they may provide evidence regarding the delay in medical care to the point where an individual required emergency treatment.  Corizon is the medical provider at all the

prisons in Alabama.  To demonstrate that the denial of care for Plaintiff was the

result of Corizon's policy or practice of denying or delaying treatment by outside

providers, Plaintiff is seeking evidence of the practices around outside treatment.

Similarly, to demonstrate that Corizon's denial of care to Plaintiff was the result of

its policy to permit care of only one eye, Plaintiff is seeking evidence that will

show the number of times individuals went to eye doctors.   Also, the Requests are

limited to the period during which Plaintiff was denied treatment.

These Requests are well within the standards for relevance and breadth.

### 2.    The Requests are not unduly burdensome, costly or harassing

Plaintiff is seeking incident reports and movement orders.  According to the

Warden at Holman, every facility should have a file for incident reports and a file

for movement orders.  Reviewing these two files at each facility, for a limited time

period, is not unduly burdensome.

There is also no reason to believe the requested production will be costly.

The production of incident reports relating to emergency care for inmates at Kilby

was a handful of documents and most trips to outside doctors should not result in

the creation of an incident report.  (Morris Decl. ¶ 11.)  Moreover, to date Plaintiff

has scanned or paid for scanning by an agreed upon vendor for all ADOC

documents produced.  (*Id*. ¶ 16.)

The documents requested are relevant and easily located.  Plaintiff has

agreed to pay the reasonable costs of production. There is no basis for objecting

that these Requests are harassing.

## III. ADOC Has Waived Any Other Objections It Might Assert in Response to this Motion

ADOC's objections filed with this Court are the first time ADOC has

attempted to assert any objections.  This comes more than two months after the

objections were due on January 7, 2013.  Fed. R. Civ. P. 34(b)(2).  Objections not

timely asserted are waived. *Wynmoor Cmty. Council*, 280 F.R.D. at 685.  ADOC

was on notice of Plaintiff's position that all objections have been waived at the

time it drafted and filed its objections.  It chose to file limited objections to six

Requests only.  There cannot be good cause for permitting ADOC to assert any

objections other than those that are included in its objections.

Although it did not assert any privilege objections and has not produced a

privilege log, ADOC has withheld or redacted documents on privilege grounds.

These documents include emails regarding Plaintiff Shepherd, unspecified

information in Shepherd's institutional files, and sections of the monthly reports

from Corizon to ADOC.  Privilege, like other objections, is waived by failure to

assert it.   If a party withholds information pursuant to a purported privilege, it

must "expressly make the claim" and it must "describe the nature of the

documents, communications, or tangible things not produced or disclosed – and do

so in a manner that, without reviewing information itself privileged or protected

will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A).   The

duty to provide this information is "immediate and absolute." *Covington v.*

*Sailormen Inc.*, 274 F.R.D. 692, 694 (N.D. Fla. 2011).  ADOC has not done so.

Moreover, from the review of documents produced thus far, it appears that

some of the information withheld would not have been properly subject to any

claim of privilege.  ADOC withheld some or all of the "Client Expectations"

section that is part of some of the reports.  The Client Expectations sections that

were produced appear to be standardized and not to include any protected

information, suggesting that ADOC improperly withheld discoverable information.

(Morris Decl. ¶ 18.)

Further, ADOC has refused to produce certain documents that it claims were

already produced, specifically any documents located at Holman or Kilby.  As

discussed above, these documents were not made available, and thus have not been

produced.  (Morris Decl. ¶¶ 7, 9, 10, Ex. A, C.)  With regard to the shift logs, the

parties agreed that Plaintiff would have another opportunity to review if they could

not stipulate to a given fact.  (*Id.*)  All these documents should be made available

to Plaintiffs.

Because even when ADOC finally objected two months late, it failed to

make any objections on privilege grounds, or to the production of the documents

located at Holman and Kilby, it should not be permitted to assert such objections in

response to this motion.

## IV. ADOC Should Pay the Fees and Costs Associated with This Motion

Plaintiff's counsel attempted to work with Defendant ADOC for over two months to secure a response to the Requests and to obtain the requested documents without recourse to the Court.  Defendant refused to respond and repeatedly reneged on oral agreements to produce.  Pursuant to Federal Rule of Civil Procedure 37(a)(5), Plaintiff requests that the Court award fees and costs associated with this motion.

**CONCLUSION**

ADOC has not responded to Plaintiff's Second Request for Production of Documents, and did not timely assert any objections to the Requests.   Plaintiff respectfully requests that this Court order Defendant ADOC to respond to the Requests, without objections, and immediately produce all responsive documents.

Respectfully submitted,

*/s/Maria Morris*
Maria Morris (MORRM2198)
maria.morris@splcenter.org
Jadine Johnson (JOHNJ7253)
Jadine.johnson@splcenter.org
Caren E. Short (SHORC7858)
Caren.short@splcenter.org
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Telephone: (334) 956-8200
Facsimile: (334) 956-8481

Henry Brewster (BREWH7737)
hbrewster@brewsterlaw.net
HENRY BREWSTER, LLC
205 N. Conception Street
Mobile, AL 36633-1051
Telephone: (251) 338-0630
Facsimile: (251) 338-0632

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on this the 19th of March, 2013, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**Philip Guy Piggott**
Starnes Davis Florie LLP
P. O. Box 598512
Birmingham, AL 35259
Email: PGP@starneslaw.com

**M. Warren Butler**
Starnes Davis Florie LLP
P. O. Box 1548
Mobile, AL 36633-1548
Email: wbutler@starneslaw.com

**Albert S. Butler**
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, AL 36130
Email: albert.butler@doc.alabama.gov


/s/ Maria V. Morris
Maria V. Morris