IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY ROGER SHEPHERD, etc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0290-WS-N |
| ) | |
| CORIZON, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on the report and recommendation ("R&R") of the Magistrate Judge that the motion to dismiss filed by defendant Alabama Department of Corrections ("ADOC") be denied. (Doc. 68). ADOC has filed an objection to the R&R, the plaintiff has filed a response, (Doc. 80), and the matter is ripe for resolution.

ADOC is named as a defendant in four counts of the amended complaint: two for violations of Title II of the Americans with Disabilities Act and two for violations of Section 504 of the Rehabilitation Act of 1973. (Doc. 25 at 27-34). ADOC's motion to dismiss raises two arguments: (1) that the claims against it are barred by the Eleventh Amendment; and (2) that the plaintiff's demand for injunctive relief is moot. (Doc. 58).

Eleventh Amendment immunity may of course be validly abrogated by Congress. "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *United States v. Georgia*, 546 U.S. 151, 159 (2006). Count IX alleges that ADOC's failure and refusal to provide the plaintiff with cataract surgery violates the Eighth and Fourteenth Amendments. (Doc. 25, ¶ 123). Count XI does not expressly allege

that ADOC's interference with the plaintiff's ability to use the toilet violates the Constitution, but ADOC did not argue to the Magistrate Judge that such conduct does not or cannot do so.

Indeed, ADOC did not acknowledge the possibility of abrogation at all in its one-page, generalized discussion of sovereign immunity. (Doc. 58 at 2). Even after the plaintiff addressed the *Georgia* case in his brief in opposition, (Doc. 63 at 4-8), ADOC elected to file no reply brief. Thus, the Magistrate Judge correctly recommended denial of the motion to dismiss the ADA counts.

A bit late, ADOC now raises a number of objections to this portion of the R&R. First, it argues that, even though couched as claims under the ADA, Counts IX and XI are really constitutional claims, "no matter how you look at it." (Doc. 75 at 1). Second, ADOC argues that it is "impossible" for it to have violated the Eighth or Fourteenth Amendment (as may or may not be required for Title II abrogation),[1] because the amended complaint alleges no personal participation by ADOC employees with the plaintiff's medical treatment or lack thereof. Third, ADOC suggests that the *Georgia* case "is distinguishable from this action." Fourth, ADOC claims that the Supreme Court has abandoned the approach of *United States v. Georgia* in favor of a more restrictive one the plaintiff cannot meet. Finally, ADOC asserts that abrogation under the ADA cannot occur unless the plaintiff sues a state agent in his or her individual capacity. (Doc. 75 at 1, 3-7).

The short answer to ADOC's objections is that they come too late. "[A] district judge has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). In particular, a district judge has discretion not to consider an argument first raised after a magistrate judge has issued an R&R. *Id*. The *Williams* Court noted the negation of the efficiencies of referrals,

---

[1] The *Georgia* Court declined to decide whether or to what extent Title II validly abrogates Eleventh Amendment immunity as to conduct that does not violate the Fourteenth Amendment. 546 U.S. at 159.

and the possibility of gamesmanship, that would occur could litigants foist on district courts arguments and evidence they neglected to present to the magistrate judge. *Id*. at 1291-92. An adequate explanation by ADOC for its failure to present these arguments to the Magistrate Judge might persuade the Court to consider them despite these concerns, but ADOC offers none. Accordingly, and as it has done repeatedly in other cases,[2] the Court in its discretion declines to consider ADOC's tardy arguments.[3]

Eleventh Amendment immunity may also be lost by waiver. "Section 2000d-7 unambiguously conditions the receipt of federal funds on a waiver of Eleventh Amendment immunity to claims under section 504 of the Rehabilitation Act. By continuing to accept federal funds, the state agencies have waived their immunity." *Garrett v. University of Alabama at Birmingham Board of Trustees*, 344 F.3d 1288, 1293 (11th Cir. 2003). The amended complaint alleges that ADOC receives federal funding. (Doc. 25, ¶ 12). As with the ADA claims, ADOC did not address waiver in its opening brief and, after the plaintiff addressed *Garrett* and the allegations of his complaint, ADOC filed no reply brief. Thus, the Magistrate Judge correctly recommended denial of the motion to dismiss the Section 504 counts.

In its objections, ADOC asserts that *Garrett* has been undermined by *Sossamon v. Texas*, 131 S. Ct. 1651 (2011). (Doc. 75 at 8). Again, ADOC raised

---

[2] *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1282 (S.D. Ala. 2009); *Morrison v. United States*, 2012 WL 4711863 at *3 (S.D. Ala. 2012); *Johns v. United States*, 2011 WL 6141057 at *3 (S.D. Ala. 2011); *United States v. Knight*, 2011 WL 4701810 at *3 (S.D. Ala. 2011); *United States v. Ezell*, 2011 WL 772884 at *4 (S.D. Ala. 2011); *Soun v. United States*, 2010 WL 3724099 at *1 (S.D. Ala. 2010); *White v. Thyssenkrupp Steel USA, LLC*, 2010 WL 204231 at *2 (S.D. Ala. 2010).

[3] At least four of ADOC's new arguments are patently wrong in any event.

no such argument before the Magistrate Judge, and the Court declines to consider it now.[4]

The amended complaint prays that the plaintiff "be awarded injunctive relief requiring appropriate medical treatment and accommodation of his disabilities." (Doc. 25 at 36). ADOC argued before the Magistrate Judge that the plaintiff's release from state custody on medical furlough rendered moot this demand for relief. (Doc. 58 at 3-4). The plaintiff agreed that his release "does likely moot any claim for injunctive relief." (Doc. 63 at 12). The Magistrate Judge concurred but noted that the plaintiff's demand for damages is not mooted by this development. (Doc. 63 at 15-16). In its objections, ADOC argues that it should thus receive dismissal of the claims against it to the extent they seek injunctive relief. (Doc. 68 at 8-9). The plaintiff offers no discernible response. The Court agrees that any demand for injunctive relief against ADOC should be dismissed as moot.

After due and proper consideration of all portions of the file relevant to the issues raised, and a de novo determination of those portions of the R&R to which objection is made, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B), as supplemented by the foregoing material, is adopted as the opinion of the Court. ADOC's motion to dismiss all demands against it for injunctive relief is **granted**; in all other respects, ADOC's motion to dismiss is **denied**.

DONE and ORDERED this 12th day of April 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] That said, *Sossamon* ruled only that the reference in the residual clause of Section 2000d-7 to "the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance" did not eliminate immunity as to a statute that was not unequivocally a statute prohibiting discrimination. 131 S. Ct. at 1662. But Section 2000d-7 explicitly provides that "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 …." Nothing in *Sossamon* undermines *Garrett*'s ruling as to Section 504.