IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LARRY ROGER SHEPHERD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE NO: 12-290-WS-N** |
| **CORIZON HEALTH, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY FROM DEFENDANTS CORIZON, INC., HUGH H. HOOD, PAMELA BARBER, SANGEETA DOSHI AND DAVID PAVLAKOVIC, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Plaintiff Larry R. Shepherd hereby moves this Court, pursuant to Fed. R. Civ. P. 26, 34, and 37, for an order compelling responses to Plaintiff's Second Request for Production of Documents to Defendants Corizon, Inc., Hugh H. Hood, Pamela Barber, Sangeeta Doshi, and David Pavlakovic (collectively "Corizon") and inspection of the requested

documents.   This motion is made on the grounds that Defendant Corizon failed to

timely respond and object to the request for production of documents and refuses

to produce documents.

The Motion is based on this Notice of Motion and Memorandum of Points

and Authorities in Support, the Declaration of Maria V. Morris in Support of

Plaintiff's Motion to Compel Discovery, all filed herewith, all pleadings and

papers filed in this action, and any other matter that the Court may consider on this

motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26, 37 and 34, Plaintiff Larry Shepherd, by and

through counsel, respectfully moves the Court to compel Defendants Corizon, Inc.,

Hugh H. Hood, Pamela Barber, Sangeeta Doshi and David Pavlakovic (collectively

"Corizon") to produce all documents requested in Plaintiff's Second Set of

Requests for Production of Documents ("Requests").

Corizon failed to timely respond and object to Plaintiff's Requests.  Once

Corizon did respond, it failed to provide documents responsive to several of

Plaintiff's requests, and failed to assert valid objections to justify its refusal to

provide certain documents.

Corizon's responses in every way demonstrate its failure to appreciate its

discovery obligations.  In addition to failing to meet the deadline for responding –

or even to acknowledge the deadline – Corizon asserts that documents have been produced although they have not, that documents are responsive to a request although they are not, and that documents do not exist although they do.   Further, Corizon fails to link objections and assertions of privilege to specific responses. Finally, in direct defiance of this Court's Order, Corizon fails to produce a log of the unidentified documents it has decided to withhold.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2012, Plaintiff served his Second Set of Request for Production of Documents to Defendants Corizon, Inc., Hugh H. Hood, Pamela Barber, Sangeeta Doshi and David Pavlakovic.  (Declaration of Maria V. Morris in Support of Motion to Compel Discovery ("Morris Decl.") Ex. 1; Doc. 50.) Plaintiff served the Requests by first class mail, giving Corizon three additional days to respond.  (Morris Decl. Ex. 1; Fed. R. Civ. P. 6(d).)  Defendant Corizon's responses were thus due the first business day after the thirty-third day after service, or January 7, 2013.  (Morris Decl. Ex. 1; Fed. R. Civ. P. 6(d) & 34(b)(2).)

Defendant Corizon did not respond or object before the deadline and did not request an extension.  (Morris Decl. ¶ 4.)  On January 11, 2013, Defendant Corizon served Plaintiff with Defendants' Objections and Responses to Plaintiff's Second Request for Production of Documents ("Objections and Responses") with no acknowledgement that they were late.  (*Id*. Ex. 2.)  In its Objections and

Responses, Corizon asserted that it had already produced everything in response to Request 1, and stated it was producing documents responsive to Requests 2-10. (*Id*.)  The documents produced by Corizon with the responses consisted of several policies, but no grievances or related documents, despite Request No. 10 being a request for grievances and responses thereto.  (Morris Decl. ¶ 5.)  Corizon objected to Requests 11-15.  (*Id*. Ex. 2.)  Of the seventeen objections raised by Corizon, twelve were general or boilerplate objections.  (*Id*.)  There was no privilege log, although Corizon made a vague statement asserting privilege over unspecified documents responsive to unspecified requests.  (*Id*.)

Plaintiff sent Corizon a letter responding to its Responses and Objections on January 30, 2013.  (*Id*. Ex. 3.)  In the letter, Plaintiff stated that Defendant waived all objections because they were late and, reserving the argument that all objections have been waived, Plaintiff asserted that nearly all of Defendant's objections were general, boilerplate objections and were, therefore, insufficient.  (*Id.*)   For Request Nos. 1-10, Plaintiff sought confirmation that no other documents existed, and for Request Nos. 11-15, Plaintiff sought production of documents.  (*Id*.)

On February 5, 2013, Corizon responded, stating that the documents produced with its original responses were responsive to Request No. 1, although they did not relate to Plaintiff, and the responses had indicated that the documents were responsive to Request Nos. 2-10, not 1.  (Morris Decl. ¶ 5, Exs. 2, 4.)

4

Corizon also produced a few additional documents responsive to Request No. 1. (Morris Decl. ¶ 7.)  For Requests 2-10, Corizon stated that all documents in its possession had been produced. (*Id*. Ex. 4.)  To date, no documents responsive to Request No. 10 have been produced.  (*Id*. ¶ 11.)

Plaintiff responded with a letter on February 14, 2013 again seeking production of documents in response to Requests 11-15. (*Id*. Ex. 5)

On February 25, 2013, Corizon responded with a letter and production of documents in response to Requests 12-15, but refused to produce documents in response to Request 11.  (*Id*. Ex. 6).  Defendant's letter of February 25 reflects that Plaintiff's further attempts to confer with adverse party prior to seeking judicial intervention would be futile.

## REQUESTS AND RESPONSES

The Request that is the subject of this motion, Corizon's responses thereto, and Plaintiff's position are set forth below.

### Corizon's General Objections:

These Defendants object to each and every request to the extent that the same seeks documents subject to the attorney-client privilege, work product privilege, statutory privilege or other privilege recognized under the laws of the State of Alabama. In responding to Plaintiff/inmate's requests, these Defendants shall not be deemed to have waived or relinquished such objection or privilege.

These Defendants object to the production of and hereby decline to produce any documents which are not "relevant" or otherwise discoverable under Rule 26 of the Alabama Rules of Civil Procedure and any documents which were obtained or prepared in anticipation of litigation or preparation for trial and any documents which are protected from discovery under the laws of Alabama or the United States.

These Defendants object to each and every request on the grounds that said requests are vague, unspecific, overly broad, unduly burdensome, and not sufficiently descriptive to permit a meaningful response.

To the extent that any request for production of documents seeks material which is protected from discovery under the laws of the State of Alabama or the United States, these Defendants object.

To the extent any request for production seeks information which is invasive of the privacy of any patient of these Defendants, these Defendants object. To the extent any request for production of documents seeks information regarding any act or omission not specifically alleged in the complaint it is required by Code of Alabama §6-5-551, these Defendants object.

To the extent that any request for production seeks information which involves quality assurance, credentialing, accreditation, or similar materials, which

are the subject of the statutory privilege provided in Code of Alabama §22-21-8, §6-5-333, and §34-24-58, these Defendants object.

To the extent any request for production seeks information that involves law enforcement records, including but not limited to, investigative reports, records, filings, field notes, witness statements, which are the subject of the statutory privilege provided in Ala. Code§ 12-21-3.1, these Defendants object.

To the extent any request for production seeks information regarding professional liability insurance which may be applicable to the Plaintiff/inmate's claims against these Defendants, with the exception of the identity of insurance carrier, these Defendants object and assign as grounds Code of Alabama §6-5-548.

To the extent any request for production seeks personal, private, proprietary or otherwise confidential information regarding these Defendants, any patients of these Defendants, or any other person, these Defendants object.

To the extent any request for production requires these Defendants to create a document which is not already in existence, these Defendants object.

To the extent any request for production requests the identity of witnesses these Defendants intend to call at trial, these Defendants object. *See Ex parte Dorsey Trailers, Inc.*, 397 So. 2d 98 (Ala. 1981).

Without waiving grounds for objections therefore stated, these Defendants will produce the documents which are not subject to these objections.

**Plaintiff's Position:** Corizon's boilerplate objections unnecessarily complicate the discovery process, are not consistent with discovery rules and should be rejected.  Objections should be "plain enough and specific enough so that the court can understand in what way the [discovery requests] are alleged to be objectionable." *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir.1985).

Corizon's boilerplate objections were placeholders that, in some cases, did not relate to any of Plaintiff Shepherd's Requests.  For example, Corizon objected to "any request for production seek[ing] information regarding professional liability insurance."  Plaintiff requested no such information.

Corizon raised a general privilege objection to "each and every request to the extent that the same seeks documents subject to the attorney-client privilege, work product privilege, statutory privilege or other privilege recognized under the laws of the State of Alabama[]" yet did not raise a privilege objection to any specific Request.  (Morris Decl. Ex. 2.)   Nor did Corizon produce a privilege log with the objections, or pursuant to Plaintiff's requests for such a log.  (*Id*. ¶ 10.) The scheduling order requires a party asserting privilege to provide a privilege log together with the responses and objections.   (Doc. 57 at 9.)   Similarly the "*Introduction To Civil Discovery Practice in the Southern District of Alabama*" prepared by the Civil Practice Federal Court Committee (1998), ("*Introduction to*

*Civil Discovery*"), which practitioners in the Southern District are to follow, provides that a privilege log should be produced "in the initial discovery response." *Introduction to Civil Discovery*, § I.K. This log should contain a specific description of the privilege or protection, a description of the documents withheld, their date, the name, address, job title and employer of the authors, addressees, and recipients, the purpose for which the document was created and transmitted, the degree of confidentiality with which it was treated at the time of its creation and transmission and since; and any other facts relevant to the elements of the particular privilege asserted. *Id*. "The Court ordinarily views a vague statement of privilege with a jaundiced eye." *Id*. Corizon's vague assertion of privilege over some or all documents responsive to some or all of Plaintiff's requests should be considered a waiver of all privileges.

**Request No. 1**:  1. All COMMUNICATIONS AND DOCUMENTS RELATING TO PLAINTIFF created during OR RELATING TO the RELEVANT TIME PERIOD.[1]

**Corizon's Response:**  All documents in possession of these defendants related to the Plaintiff, Larry Roger Shepherd, have already been produced..

**Plaintiff's Position**:  Corizon has produced some medical records and a limited number of emails.  Corizon never produced Plaintiff Shepherd's grievances

---

[1] The relevant period is defined as April 1, 2011 through the present.   (Morris Decl. Ex. 1.)

regarding the failure to treat his cataracts.  It never produced any documents

relating to Shepherd's purported deterioration and resulting transfer to Kilby,

although Dr. Hood claimed that Shepherd was moved to Kilby for medical reasons.

(Doc. 12-1 at 3.)

Additionally, it appears that emails and possibly other documents may have

been withheld on privilege grounds.  For example, there are no documents

discussing the fact that Shepherd sued Drs. Hood and Barber.  Because Corizon did

not object specifically to this Request on privilege grounds and did not produce a

privilege log, all privileges are waived and no responsive documents should be

withheld from discovery.  *See Introduction to Civil Discovery*, § I.K.

**Request No. 10**: All grievances created during OR RELATING TO the

RELEVANT TIME PERIOD filed by ANY INMATE RELATING TO a delay in

referral to, TREATMENT by, OR follow-up appointments with OUTSIDE

DOCTORS, responses to such grievances, AND ANY appeals AND appellate

responses RELATING TO such grievances.  INMATE names AND identifying

information should be redacted prior to production.

**Corizon's Response**: See documents attached Bate-Stamped Corizon 0001-0879.

**Plaintiff's position:**  Corizon 0001-0879 do not include any grievances,

responses to grievances, appeals or appellate responses to grievances.    No

grievances at all have been produced.  (Morris Decl. ¶ 11.)   In the record in this

case, and in the public domain, there is evidence of responsive grievances.
Corizon should be required to search for and produce all documents responsive to
Request No. 10.

All objections Corizon might assert have been waived by Defendant's
failure to respond in a timely manner.  *See Introduction to Civil Discovery*, § I.H.
No objections were raised Corizon's original, untimely responses.  (Morris Decl.
Ex. 2.)  In Plaintiff's January 30, 2013 letter, regarding Requests 2 - 10, Plaintiff
asked Corizon to "indicate whether these responses [were] limited by any
objections, and confirm that no other responsive documents exist."  (*Id*. Ex. 3.)
Corizon did not respond to this request with regard to Request 10.  (*Id*. Ex. 4.)  As
All objections have been waived, and Corizon should produce all documents in
response to this Request.

**Response No. 11**: All grievances created during OR RELATING TO the
RELEVANT TIME PERIOD filed by ANY INMATE RELATING TO a denial of
TREATMENT of a medical need in an INMATE's eye, including but not limited
to TREATMENT of cataracts, responses to such grievances, AND ANY appeals
AND appellate responses RELATING TO such grievances.  INMATE names
AND identifying information should be redacted prior to production.

**Corizon's Response:** The defendants object to this request due to the fact
that it seeks information and documents that are irrelevant, immaterial and not

likely to lead to admissible evidence.  The request also seeks information that is confidential.

Subsequently, on February 5, 2013, Corizon objected on burdensomeness, stating: Corizon would have to go through each and every inmate's grievance file to determine whether a grievance had been filed pertaining to an eye issue. As you can probably imagine, inmates file multiple grievances for a variety of issues. It would be over burdensome if not impossible to suggest that Corizon and/or its attorneys go through all grievance files with each and every inmate that has been housed at any of the correctional institutions that held Mr. Shepherd during his incarceration to search for grievances related to eye care.

**Plaintiff's position:**  All objections have been waived by the failure to object in a timely manner.  *See Introduction to Civil Procedure*, § I.H.

Should the Court nonetheless consider the objections, each one should be overruled.   The documents sought through this Request are relevant as evidence of Corizon's policy, custom and practice of treating only one eye even if there is a medical need for treatment on both eyes.  (*See* Doc. 25 at ¶¶ 81-92.)  After Plaintiff explained the relevance in a meet and confer letter, Corizon's response did not reassert its relevance objection or dispute the relevance explained by Plaintiff.

With regard to the issue of confidentiality, Plaintiff's Request is tailored to avoid breaches of confidentiality, in that it provides for redaction of identifying

information.  (Morris Decl. Ex. 1.)  Plaintiff explained this in his first meet and
confer letter, and asked for the basis of the objection.  (*Id*. Ex. 3.)  Corizon did not
respond regarding this issue, and failed to provide a privilege log as required by the
scheduling order.  (Doc. 57 at 9.)

     In later communications, Corizon objected on burdensome grounds, an
objection that was even more untimely and is also waived. (Morris Decl. Ex. 4.)
Regardless, this Request is not unduly burdensome.   Corizon employs a Health
Services Administrator in each Alabama Department of Corrections facility who,
amongst other things, receives and responds to inmate medical grievances.  It
should not be unduly burdensome to go through the files of the Health Services
Administrators for the relevant period to search for responsive documents.
Plaintiff also notes that the request is not limited to the institutions where Mr.
Shepherd was housed.  Plaintiff has asserted a claim that the denial of medical care
was caused by a policy of Corizon in Alabama prisons, and seeks the grievances
and related documents from every ADOC facility.

## LEGAL STANDARDS

     Discovery under the Federal Rules of Civil Procedure is broad: "parties may
obtain discovery regarding any matter, not privileged, which is relevant to the
claims or defense of any party involved in the pending action." *Donahay v. Palm
Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (citing Fed. R.

Civ. P. 26; *Hickman v. Taylor*, 329 U.S. 495, 507-508 (1947)).  Documents need

not be admissible to be discoverable; they need only be "reasonably calculated to

lead to the discovery of admissible evidence." *Id.* at 687 (citing *Dunbar v. United

States*, 502 F.2d 506 (5th Cir.1974)).

Responses and objections to requests for production of documents are due

within 30 days of service of the requests.  Fed. R. Civ. P. 34(b)(2)(A).   When a

party fails to respond to discovery requests in a timely manner, all objections are

waived.  *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 685

(S.D. Fla. 2012).

## ARGUMENT

## I.   CORIZON FAILED TO TIMELY RESPOND AND HAS THEREBY WAIVED ALL OBJECTIONS

Defendant Corizon failed to timely respond to Plaintiff's Second Set of

Requests for Production of Documents.  Objections not timely asserted are waived.

*Id.*; *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010).[2]

Corizon's responses to Plaintiff's Second Set of Requests for Production of

Documents were due to be served by Monday, January 7, 2013.  (Morris Decl. Ex.

1; Fed. R. Civ. P. 6(d) & 34(b)(2).)   Corizon did not respond until Friday, January

11, 2013, nor did it seek an extension.  (Morris Decl. ¶ 5, Ex. 2.)

---

[2] *Bailey* involved a motion to compel documents responsive to a subpoena under Fed. R. Civ. Proc. 45, but the reasoning therein relied on Rules 33 and 34.  270 F.R.D. at 668.

The deadline for responding to requests for production of documents is clearly stated in the Federal Rules.  Fed. R. Civ. P. 34(b)(2)(A).  "[S]trict adherence to the procedural requirements . . . is the best guarantee of evenhanded administration of the law."  *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).  "While courts may occasionally waive late answers, they will almost never honor late objections."  *Introduction to Civil Discovery*, § I.H.; *Alexander v. Certegy Check Services, Inc.*, 2006 WL 1515841 (M.D. Ala. May 30, 2006) (citing the *Introduction to Civil Discovery* and deeming objections waived where served six days after due date).  The waiver of objections applies even when a party has an objection to make.  *Bailey Industries*, 270 F.R.D. at 668 (finding a waiver of all objections where service of responses was ten days late).

Corizon has never offered any reason to explain or excuse the delayed responses and is barred from asserting good cause at this late stage.  Untimely objections are only allowed in very limited circumstances if a court for good cause "excuses the failure." *See id.*  When Corizon served its Objections and Responses, it did not acknowledge their untimeliness or provide a reason for the delay.  In his January 30 letter to Corizon, Plaintiff Shepherd informed Corizon that all objections had been waived by its untimely responses.  Corizon did not respond to this statement or attempt to explain the delay.  (Morris Decl., Exs. 2, 3.)  Corizon cannot seek shelter behind these objections as they have been waived.

## II.   CORIZON'S OBJECTIONS ARE WITHOUT MERIT

To the extent this Court does consider objections raised by Corizon, the Court should nonetheless find that the objections do not justify withholding documents from discovery.

### A. Corizon's General or Boilerplate Objections Are Improper and Should Be Rejected

Twelve of Corizon's objections—untimely asserted in its Objections and Responses—were general or boilerplate objections.  (Morris Decl. Ex. 2.) Corizon's boilerplate objections unnecessarily complicate the discovery process, are not consistent with discovery rules and should be rejected.

Boilerplate objections are inconsistent with federal rules on discovery. *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 693 (N.D. Fla. 2011).  When responding to discovery requests, objections "must be stated with specificity." Fed. R. Civ. P. 33(b)(4); Advisory Committee Notes to 1970 Amendments to Fed. R. Civ. P. 34 (procedures for Rule 33 and 34 are "essentially the same").  General, boilerplate objections make it impossible for Plaintiff or the Court to determine whether Corizon has produced everything in response to Plaintiff's Requests or only some unidentified portion of the request not subject to objections.  Objections should be "plain enough and specific enough so that the court can understand in what way the [discovery requests] are alleged to be objectionable." *Panola Land Buyers Ass'n*, 762 F.2d  at 1559.

16

Defendant Corizon's boilerplate objections were placeholders that, in some cases, did not relate to any of Plaintiff Shepherd's Requests.  For example, Corizon objected to "any request for production seek[ing] information regarding professional liability insurance."  (Morris Decl. Ex. 2.)  Plaintiff requested no such information.  (*Id.* Ex. 1.)

Defendant Corizon raised a general privilege objection to "each and every request to the extent that the same seeks documents subject to the attorney-client privilege, work product privilege, statutory privilege or other privilege recognized under the laws of the State of Alabama[]" yet did not raise a privilege objection under any specific Request.  (*Id.* Ex. 2.)   Further, despite Plaintiff's request, Corizon failed to produce a privilege log in direct violation of this Court's scheduling order and the District Court's *Introduction to Civil Discovery*.  (*Id.* Ex. 3; Doc. 57 at 9; *Introduction to Civil Discovery*, § I.K.)

Defendant Corizon objected to "each and every request on the grounds that said requests are vague, unspecific, overly broad, unduly burdensome, and not sufficiently descriptive to permit a meaningful response."  However, Corizon produced documents in response to some requests and refused production in others, demonstrating that it had an understanding of the requests.  (Morris Decl. ¶¶ 5, 7, 9.)   Corizon gave no indication of the basis of its "unduly burdensome" objection, let alone describe the nature of the burden.  "[T]he party resisting

production bears the responsibility of establishing undue burden." *Coker v. Duke & Co., Inc.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998).   A party objecting on the basis of burden "must explain the specific and particular ways in which a request is . . . unduly burdensome." *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008).  Simply stating that a discovery request is unduly burdensome is "is not adequate to voice a successful objection." *Id*. at 401.

Corizon's boilerplate objections unnecessarily confuse the discovery process and burden Plaintiff Shepherd.  Boilerplate objections in response to a request for production of documents "are widely rejected." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007).  In Plaintiff's January 30 letter, Plaintiff described how Defendant's boilerplate objections impede productive discovery and make it difficult to know when, if at all, Corizon has withheld documents on the basis of the asserted objection.  In subsequent correspondence, Corizon did not tie any of its general objections to any specific request.   Corizon's general, boilerplate objections are improper.

### B. Corizon Failed to Assert Privilege Adequately and to Produce a Privilege Log; It Has Waived All Privileges.

Corizon did not specify the requests to which privileged documents would be responsive, and failed to produce a privilege log.  Due to its inadequate assertion of privilege, Corizon has waived privilege and must produce all documents that are responsive to Plaintiff's Requests.

When a party withholds information otherwise discoverable and claims the information is privileged, Federal Rule of Civil Procedure 26(b)(5)(B) requires that party to describe the nature of the documents withheld in such a way that will enable the opposing party to assess the merits of the assertion of privilege.  The Advisory Committee Notes on the 1993 Amendments to Rule 26 state that "[t]o withhold materials without [producing a privilege log] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."  This Court requires that "Rule 26(b)(5) information shall be disclosed in a 'privilege log' served with the objections to production." (Doc. 57 at 9; *Introduction to Civil Discovery*, § I.K.)  The burden to produce a privilege log is "immediate and absolute" and is not triggered by a Plaintiff's request for such a log.  *Covington v. Sailormen Inc.*, 274 F.R.D. 692, 694 (N.D. Fla. 2011).

In its Objections and Responses, Defendant Corizon objected to "each and every" one of Plaintiff Shepherd's requests to the extent they "seek documents subject to attorney-client privilege, work-product privilege, statutory privilege or other privilege recognized under the laws of the State of Alabama."  (Morris Decl. Ex. 2.)   In a January 30 letter, Plaintiff asked Corizon to identify the specific requests to which such documents would be responsive and to provide a privilege log.  (*Id*. Ex. 3.)  Corizon did not respond to these requests.  (*See Id*., Exs. 4, 6.)  If

documents exist that are responsive to Plaintiff's Requests and for which Corizon

seeks privilege protection, Corizon is in direct violation of Fed. R. Civ. P. 26(b)(5)

and this Court's scheduling order.  It has waived privilege and should not be

permitted to withhold documents on privilege grounds.

Although Corizon has not identified the requests to which it asserts any

privilege, the most likely requests are Request Nos. 1 and 11.

Plaintiff's Request No. 1 seeks "all communications and documents relating

to plaintiff created during or relating to the relevant time period." (Morris Decl.

Ex. 1.)  The relevant time period is defined as "April 1 through the present." (*Id*.)

In response to this Request, Defendant Corizon stated that all responsive

documents had been produced.  (*Id*. Ex. 2.)  Corizon has produced portions of

Shepherd's medical file and a limited number of emails concerning his medical

furlough.  (*Id*. ¶ 7.)  Other than the medical furlough emails, Corizon has not

produced any electronic communications about Shepherd's medical care, his

previous grievances or complaints.  (*Id*.)  Further, to the extent Corizon has

documents discussing Shepherd's claims, these too are responsive and have not

been produced.   If these communications or other documents responsive to

Plaintiff's Requests exist, by failing to adequately assert privilege and to produce a

privilege log, Corizon has waived its privileges over these documents.  (Doc. 57 at

9; *Introduction to Civil Discovery*, § I.K.)  They must be produced.

With regard to Request No. 11, Corizon raised the objection that it seeks "confidential" information.  To the extent Corizon is claiming this information is privileged, as discussed above, Corizon has waived privilege.

### C. Corizon's Relevance, Confidentiality and Burden Objections to Request No. 11 Are Without Merit.

Corizon objects that Request No. 11 seeks documents that are irrelevant, overly burdensome and contain confidential information.  None of these objections justifies the withholding of documents.

The documents requested are grievances and responses thereto regarding the failure to treat inmates' eyes.  Plaintiff has alleged that Corizon has a policy of refusing to treat an inmate's second eye.  (Doc. 25 at ¶¶ 81-92.)  The documents would demonstrate whether it is common for inmates to complain that they cannot get treatment on both eyes or on one eye if the second eye does not need treatment. This information is directly relevant to Count IV.

Nor would it be unduly burdensome to produce.  At each facility, Corizon has a Health Services Administrator who is responsible for receiving and responding to all medical grievances.  (Doc. 11-6 at ¶ 4; Morris Decl. Ex. 7.) Reviewing what is likely a single file, maintained by an identifiable individual, at each of the facilities for approximately one and a half years is not the level of burden that justifies withholding on burden grounds.

The confidentiality objection is also not a basis for withholding.  As discussed above, there is no privilege for Corizon to assert, as it has been waived. To the extent the information sought is confidential, Plaintiff would be amenable to entering into a protective order to protect the rights of inmates.

## III.   CORIZON FAILED TO RESPOND OR OBJECT TO PLAINTIFF'S REQUEST 10 AND MUST PRODUCE

Defendant Corizon asserted in its responses that all documents responsive to Request No. 10 had been produced, and asserted no objections to this request. (Morris Decl. Ex. 2.)  As no documents responsive to Request No. 10 had been produced, Plaintiff asked for confirmation that all responsive documents had indeed been produced.  (*Id*. Ex. 3.)  Corizon confirmed its prior response, and still asserted no objections.  (*Id*. Ex. 4.)

There is already evidence in the record that there are in fact responsive documents in Corizon's possession.  Plaintiff submitted two grievances regarding the delay in his surgery.  (Doc. 22-1 at ¶¶ 15-17 and Exs. 1-3 to Declaration of Larry Shepherd .)  Donny Myers, Corizon's Health Services Administrator at Holman Correctional Facility, responded, and Plaintiff appealed.  (*Id*.)  Corizon has never produced these documents - and early in the case asserted that he had never filed them.  (Docs. 11 at 17; 11-6 at ¶ 4.)

Additionally, Plaintiff Shepherd testified regarding numerous inmates he knew at Holman who waited months for treatment.  (Morris Decl. Ex. 8.)   One of

the inmates about whom he testified is the same inmate who helped Plaintiff file his grievances and his original complaint.  (Docs. 14, 15.)  There can be little question that an inmate who understands the system for grieving and filing complaints as well as this inmate has demonstrated he does would suffer through a delay in treatment and not grieve it.

Moreover, there are several cases in the last year in which judges refer to grievances by inmates from ADOC that, from the descriptions in the opinions, appear to be responsive to Request No. 10.   *See, e.g*., *Mixon v. Corizon, Inc*., CIV.A. 11-00367-WS-C, 2012 WL 671929 (S.D. Ala. Feb. 16, 2012) report and recommendation adopted, CIV.A. 11-00367-WS-C, 2012 WL 652017 (S.D. Ala. Feb. 29, 2012), appeal dismissed (Aug. 6, 2012); *Gray v. CHS Prison Med*., 4:11-CV-03631-LSC, 2013 WL 1180380 (N.D. Ala. Mar. 19, 2013); *Peoples v. Corizon Health Services*, 4:11-CV-03464-IPJ, 2012 WL 3527870 (N.D. Ala. July 3, 2012) report and recommendation adopted, 4:11-CV-03464-IPJ-JE, 2012 WL 3504398 (N.D. Ala. Aug. 13, 2012).

ADOC inmates have grieved the denial or delay of treatment by an outside doctor during the relevant one and a half year period.  Like Corizon's previous assertion that Shepherd did not grieve the denial of care, Corizon's assertion that it has no responsive grievances to produce does not withstand scrutiny.  Corizon

should be required to search for and produce all documents responsive to Request No. 10.

## IV. CORIZON SHOULD PAY THE FEES AND COSTS OF THIS MOTION

Corizon was untimely in its responses and objections to Plaintiff's Second Set of Requests for Production of Documents.  Once it did respond, its objections failed to meet the standards required by courts in this Circuit, or by the requirements of this Court in the scheduling order.  It misstated what it was producing, describing a set of policies as responsive to requests for policies (which they were), responsive to a request for grievances (which they were not), and then responsive to a request for documents relating to Plaintiff (which they also were not).  Corizon apparently failed to conduct any search for documents responsive to Request No. 10.  Pursuant to Federal Rule of Civil Procedure 37(a)(5), Plaintiff requests that the Court award fees and costs associated with this motion.

CONCLUSION

For the foregoing reasons, Plaintiff requests that Defendants Corizon Health, Inc., Drs. Hood, Barber, Doshi and Pavlakovic be compelled to search for and produce all documents responsive to Plaintiff Shepherd's Second Set of Requests for Production of Documents.

Respectfully submitted, this the 16th day of April, 2013.

*/s/ Maria V. Morris*

Maria Morris (MORRM2198)
maria.morris@splcenter.org
Jadine C. Johnson (JOHNJ7253)
jadine.johnson@splcenter.org
Caren E. Short (SHORC7858)
caren.short@splcenter.org
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama 36104
Tel: (334) 956-8200
Fax: (334) 956-8481

Henry Brewster (BREWH7737)
hbrewster@brewsterlaw.net
HENRY BREWSTER, LLC
205 N. Conception Street
Mobile, AL 36633-1051
Telephone: (251) 338-0630
Facsimile: (251) 338-0632

Attorneys for the Plaintiffs

## CERTIFICATE OF SERVICE

I do hereby certify that I have, on this the 16th of April, 2013, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


**Philip Guy Piggott**
Starnes Davis Florie LLP
P. O. Box 598512
Birmingham, AL 35259
Email: PGP@starneslaw.com

**M. Warren Butler**
Starnes Davis Florie LLP
P. O. Box 1548
Mobile, AL 36633-1548
Email: wbutler@starneslaw.com

**Albert S. Butler**
Alabama Department of Corrections
Legal Division
P. O. Box 301501
Montgomery, AL 36130
Email: albert.butler@doc.alabama.gov


*/s/Maria Morris*